**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| BRIAN-ISIAH:HOLMES JR, | : | Case No. 2:24-cv-1426 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| ODRC, MIKE DAVIS (RSA) | : | |
| DEFENDANT #1, *et. al*., | : | |
| | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Brian Isiah Holmes Jr., a state prisoner, has filed a Complaint alleging that prison officials violated his civil rights. (Doc. 1-1). He is proceeding in the case *in forma pauperis* and without the assistance of counsel.

The matter is currently before the Court to screen the Complaint and determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (screening required where plaintiff proceeds *in forma pauperis*); 28 U.S.C. § 1915A (screening required where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity").

In the Complaint, Plaintiff alleges that he is a member of "The House of Yahweh." (Doc. 1-1 at 3–4). He sought to formally change his religious designation on file with the Ohio Department of Rehabilitation and Correction ("ODRC") in July 2023. (*See* Doc. 1-4 at 2). He also sought a religious accommodation in the form of daily Kosher meals. (Doc. 1-1 at 3–4; Doc. 1-4 at 1). He explains that:

> [I]t is not about the food they provide that matters, but that it is prepared against the plaintiffs sincerely held belief of The House of Yahweh because it is prepared by inmates in an unclean environment. The meat that they prepare here in the institution is not deemed Kosher by Rabbi Priest but only what Is labeled Kosher according to the Laws of Yahweh by Rabbi Priest are scripturally and ritually clean and proper for the plaintiffs worship.

(Doc. 1-1 at 10–11 (as in original)).  Plaintiff says he has not been provided daily Kosher meals as of the date of the Complaint, nor has he received a final decision on his request for a religious accommodation.  (*Id*. at 7, 9).  Based on these allegations, Plaintiff raises civil rights claims under 42 U.S.C. § 1983 and the Free Exercise Clause of the First Amendment, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.  (Doc. 1-1 at 3).

Plaintiff names two defendants:  Mike Davis, a Religious Services Administrator for the ODRC; and Alfred Marcus, a Religious Services Contractor at Chillicothe Correctional Institution.  (*Id*. at 2, 8).  Davis and Marcus are sued in their personal (or individual) capacities only.  (*Id*. at 2).  Plaintiff appears to argue that Davis refused to resolve or effectively denied his request for an accommodation, while Marcus failed to properly file or investigate Plaintiff's request, or interfered with it, and that neither Defendant has provided him with the meals needed to worship according to his sincerely-held religious beliefs.  (*Id*. at 6–9).

Plaintiff seeks injunctive relief in the form of an order "to change Plaintiffs religious assignment as 'The House of Yahweh',[1] and [to] accommodate the Plaintiff with daily Kosher meals that are already served to Jewish inmates in the State of Ohio."  (Doc. 1-1 at 13).  He also seeks $1.5 million in damages.  (*Id*.).

At this early stage in the proceedings, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's First Amendment and RLUIPA claims may **PROCEED**

---

[1] Documents attached to the Complaint suggest that Plaintiff's request to change his religious affiliation has been honored.  (*See* Doc. 1-4 at 2; Doc. 1-5).

against Defendants Davis and Marcus, in their individual capacities, with one exception:  the Undersigned **RECOMMENDS** Plaintiff's request for monetary damages under RLUIPA be **DISMISSED**.[2]  *See Haight v. Thompson*, 763 F.3d 554, 570 (6th Cir. 2014) ("Every circuit to consider the question . . . has held that RLUIPA does not permit money damages against state prison officials, even when the lawsuit targets the defendants in their individual capacities."); *Spurlock v. Ruckel*, No. 1:23-cv-721, 2023 WL 8091267, at *2 (S.D. Ohio Nov. 21, 2023), *report and recommendation adopted*, 2024 WL 23361 (S.D. Ohio Jan. 2, 2024) (noting that claims under RLUIPA seeking monetary damages should be dismissed:  "Although RLUIPA permits 'appropriate relief against a government,' the Sixth Circuit and this Court consistently have held that such relief does not extend to monetary damages.") (citations omitted).  The Undersigned expresses no opinion at this time on the merits of Plaintiff's claims or whether there may be defenses or procedural bars that will prevent him from ultimately obtaining relief.

The next step in the case is for Defendants to be served with the Complaint and Summons, and then, for Defendants to file a response to the Complaint.  Because Plaintiff is proceeding *in forma pauperis*, the Court **DIRECTS** the United States Marshal Service to serve a copy of the Summons, the Complaint, and this order on Defendants Davis and Marcus as directed by Plaintiff.

---

[2] There is some question whether a RLUIPA claim exists at all against defendants sued in their individual capacities. *See, e.g., Wood v. Yordy*, 753 F.3d 899, 902-904 (9th Cir. 2014) (stating that:  "Individuals acting under color of state law are thus brought within the purview of [RLUIPA] only as a part of the definition of 'government.' If an individual acts under color of state law to burden a plaintiff's rights to religious exercise, the plaintiff can sue the government. The statute does not authorize suits against a person in anything other than an official or governmental capacity, for it is only in that capacity that the funds are received. That is the only reading of the statute that is consistent with the decisions of our sister circuits and the constitutional limitations on the Spending Clause that the Supreme Court has recognized. The district court properly granted summary judgment in favor of the defendants under RLUIPA."). *See also Muhammad v. King*, No. 1:23-cv-1306, 2024 WL 1340548, at *5 (W.D. Mich. Mar. 29, 2024) (citing decisions of the Second, Fifth, and Seventh Circuits) ("RLUIPA does not create a cause of action against an individual in that individual's personal capacity."). This issue may not be fully settled in this Circuit, *see, e.g., Mease v. Washington*, No. 2:20-cv-176, 2021 WL 1921071, at *13 (W.D. Mich. May 13, 2021), but is not reached as part of this initial screen.

The costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d). For reference, the Summons and U.S. Marshal forms are in the record at Doc. 1-3.

During these proceedings, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of the document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Finally, Plaintiff is advised that he must keep the Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

### **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver

of the right to have the District Judge review the R&R *de novo*, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

       **IT IS SO ORDERED.**

Date:  May 2, 2024                       /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE