**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Brian-Isiah:Holmes,** | : | |
| | : | **Case No. 2:24-cv-01426** |
| **Plaintiff,** | : | |
| v. | : | **Judge Graham** |
| | : | |
| **ODRC, Mike Davis (RSA),** | : | **Magistrate Judge Jolson** |
| **Defendant #1,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court upon Plaintiff's objections to the Magistrate Judge's Report & Recommendation ("R&R"). Doc. 29; doc. 28. The R&R determined that Plaintiff's motion for summary judgment (doc. 25) should be denied and the Defendants' cross-motion for summary judgment (doc. 24) should be granted. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R, and therefore **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

## STANDARD OF REVIEW

When a party raises timely objections to a magistrate judge's report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court reviews a magistrate judge's report and recommendation for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

[1]

The R&R in this case concerns the parties' cross motions for summary judgment. Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The standard of review remains the same when reviewing cross-motions for summary judgment versus a motion filed by only one party. *Hamilton Cnty. Educ. Ass'n v. Hamilton Cnty. Bd. of Educ.*, 822 F.3d 831, 835 (6th Cir. 2016)

[2]

## DISCUSSION

The dispute in this matter is straightforward.[1] Plaintiff, an inmate at Chillicothe Correctional Institution ("CCI"), requested that he be provided kosher meals due to his faith as an adherent of the House of Yahweh. Defendant Marcus, the religious services coordinator for CCI, recommended that the request be denied, and Defendant Davis, the religious services administrator for the Ohio Department of Rehabilitation and Correction ("ODRC"), officially denied Plaintiff's request. Plaintiff filed this lawsuit.

The cross-motions presently before the Court seek judgment on both claims Plaintiff brings against both Davis and Marcus. Under 42 U.S.C. § 1983, Plaintiff alleges that the denial of his kosher meal request violated his constitutional rights under the First Amendment. Plaintiff also alleges that the same denial violated his statutory rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"). Both claims require the claimant to show, *inter alia*, that the state has substantially burdened the claimant's religious exercise.

In the R&R, as an initial matter, the Magistrate Judge determined that the § 1983 claim can only proceed against Defendants in their individual capacities, and that monetary relief is not available for an RLUIPA claim. Doc. 28, # 306-07. The Magistrate Judge additionally determined that, though Defendants did not address this in their briefing, caselaw suggests that Plaintiff's claims for injunctive relief may not proceed against the individual-capacity Defendants. *Id.* (citing cases from Second, Fifth, and Seventh Circuits). As for the merits of the RLUIPA claim, the Magistrate Judge determined that Plaintiff bears the initial burden to show (1) that his exercise is motivated by a sincerely held religious belief, and (2) that the government is imposing a substantial burden on that exercise. *Id.* at # 308 (citing *Ackerman v. Washington*, 16 F.4th 170, 179-80 (6th

---

[1] And the Court is grateful for the efforts of the Magistrate Judge toward making it so.

Cir. 2021)). The Magistrate Judge further determined that "Plaintiff has at least raised an issue of material fact" as to the sincerity of his beliefs, but that he failed to establish that the denial of kosher meals imposed a substantial burden on his religious exercise, given his access to meals which fit the parameters of his accommodation request. *Id.* at # 310-12.

As to the § 1983 claim, the Magistrate Judge reached the same conclusion, because "[c]ourts have recognized that, in the prison context, RLUIPA provides greater protections than the First Amendment." *Fox v. Washington*, 949 F.3d 270, 277 (6th Cir. 2020); *see* doc. 28, # 313-14. The Magistrate Judge also opined on Plaintiff's apparent arguments about the institutional grievance process at CCI, particularly as to alleged delays in the processing of Plaintiff's meal request. *Id.* at # 314. But to the extent such arguments would be construed as raising a claim, "Plaintiff cites no caselaw to support that these alleged failures represent a constitutional violation," and, because his other claims failed, "any delay did not harm him." *Id.* at # 315. Lastly, though the conclusions above apply equally to the claims as raised against each Defendant, the Magistrate Judge noted that Plaintiff failed to establish that Defendant Marcus, had "the requisite personal involvement in the denial" for liability to extend to him. *Id.* at # 316.

In his objections, Plaintiff takes issue with the conclusion that his religious exercise is not substantially burdened by the denial of his request for kosher meals. Essentially, he contends that his faith in fact specifically requires kosher meals—i.e., kosher meals are not simply a means to accommodate the distinct-but-related requirements of Plaintiff's faith. But Plaintiff did not submit any materials with his accommodation request which support his claim that House of Yahweh members must keep kosher. Rather, Plaintiff's request stated that he was "requesting kosher meals so that [he] may properly worship in honor with the prescribed rules of diet for worship." Doc. 25, # 258. In response to the question which asks, "How is your request supported by the writings or

[4]

traditions of your religion?" Plaintiff listed specific bible verses from Exodus, Leviticus, Deuteronomy, and Numbers. *Id.* Based on the cited verses, and a letter from Kohan Hawkins, a faith leader for House of Yahweh,[2] Defendant Davis determined that Plaintiff had meal options which conformed to those requirements, thus making a kosher meal unnecessary.

Plaintiff supports his objections by quoting a dictionary definition of kosher, which describes its meaning as "Conforming to or prepared in accordance with Jewish dietary laws, [i.e.,] slaughtered or prepared for eating according to rabbinic law: ritually pure." Doc. 29, # 320 (quotation cited to "Webster's II new Riverside university dictionary, Houghton Mifflin Company, copyright © 1984"). But Plaintiff is not Jewish. And none of the scripture cited in his accommodation request refers to "Jewish dietary laws" or "rabbinic law." Nor does the dictionary definition of kosher provide any connection to the House of Yahweh faith. In sum, Plaintiff has not established a genuine question of fact material the operative issue: whether the denial of Plaintiff's kosher meal request amounted to a substantial burden on his religious exercise. Plaintiff sought kosher meals as a proposed accommodation for his need to "properly worship in honor with the prescribed rules of diet for worship." Doc. 25, # 258. Based on the prescribed rules he cited from the bible, his religious dietary needs were met by the options available.

Furthermore, to the extent that Plaintiff has since raised new or additional dietary requirements in need of accommodation, the Court agrees with the Magistrate Judge that the inquiry is properly limited to "only the dietary requirements… that Davis had the opportunity to

---

[2] The Hawkins' letter, which was written on behalf of another inmate (i.e., not Plaintiff), does not state that kosher meals are required for adherents of the House of Yahweh. Rather, the letter simply states that House of Yahweh members "do not consume any food containing pork, shellfish, blood," and requests that the inmate be provided "a Kosher diet which meets these requirements." Doc. 25, # 261. Thus, per the Hawkins' letter, a kosher diet is not a requirement of House of Yahweh members, but it checks the right boxes. On the other hand, Plaintiff's contention that the mainline and vegan/vegetarian meal options do *not* check the right boxes is not supported by the Hawkins' letter.

[5]

consider." Doc. 28, # 309; *see Holt v. Hobbs,* 574 U.S. 352, 367, 135 S. Ct. 853, 865, 190 L. Ed. 2d 747 (2015) (limiting compelling-interest inquiry to only consider denial of petitioner's "proposed alternatives"). Plaintiff must first exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. The Court cannot properly consider whether Davis improperly denied the kosher meal request based on aspects of the request which were never submitted to him.

Because Plaintiff cannot, as a matter of law, show that the denial of his kosher meal request substantially burdened his religious exercise, he cannot prevail on his RLUIPA claim. And because RLUIPA provides greater protection—i.e., is the lower hurdle to clear—his First Amendment free exercise claim must fail as well. As stated above, this conclusion applies with equal force to both Defendants Davis and Marcus. Finally, Plaintiff does not appear to raise any objection as to the recommended finding that he has not stated a colorable claim based on the grievance procedure at CCI.

### CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (doc. 29) and **ADOPTS** the Report and Recommendations (doc. 28). Therefore, the Court **GRANTS** Defendants' motion for summary judgment (doc. 24) and **DENIES** Plaintiff's motion for summary judgment (doc. 25). Furthermore, the Court **ADOPTS** the earlier Report and Recommendations (doc. 10), finding no clear error and that the time for filing objections has closed.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 18, 2025

[6]